UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A. C. WHITE | CIVIL ACTION |
| VERSUS | NO: 13-5634 |
| ALLSTATE INSURANCE COMPANY AND THE NATIONAL FLOOD INSURANCE PROGRAM | SECTION: "S" (1) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Allstate Insurance Company (Doc. #28) is **GRANTED**, and plaintiff's claim against it is **DISMISSED WITH PREJUDICE**.

BACKGROUND

This matter is before the court on a motion for summary judgment filed by Allstate Insurance Company, in its capacity as a Write-Your-Own ("WYO") insurance carrier participating in the Federal Emergency Management Agency's ("FEMA") National Flood Insurance Program ("NFIP"). Allstate argues that it is entitled to summary judgment on plaintiff's claim for a supplemental payment under his flood insurance policy because plaintiff did not submit a timely proof of loss supporting the supplemental claim.

Plaintiff, A. C. White, owns a home in LaPlace, Louisiana that sustained flood damage on August 29, 2012, as a result of Hurricane Isaac. At the time of the loss, the property was covered by a flood insurance policy issued by Allstate that had the effective period of November 4, 2011, to November 4, 2012; provided building coverage of $200,000 and contents coverage of $80,000, both with a $1,000 deductible; and, bore policy number 0807193453.

After the storm, Margaret Schuster, an independent adjustor from Advanced Adjusting Ltd., inspected plaintiff's property on Allstate's behalf. Based upon the adjustors inspection of plaintiff's

property, plaintiff signed a proof of loss for building damage in the amount of $43,267.89, and a proof of loss for lost contents in the amount of $10,582.65. Allstate paid those claims in full.

Thereafter, plaintiff hired Michaelson and Messinger Insurance Specialists, LLC, an independent insurance adjustor, to reinspect his property damage. Rich Franco did the inspection. On June August 21, 2013, Michalson forwarded Franco's report to Allstate requesting that a supplemental claim be opened and a reinspection of the property. There was no proof of loss statement signed by plaintiff submitted with this report, and plaintiff did not sign the report.

On August 28, 2013, plaintiff filed this action against Allstate seeking additional payment under his flood insurance policy. Allstate filed the instant motion for summary judgment arguing that plaintiff cannot sustain a claim for additional damages under his flood insurance policy because he did not submit a timely signed and sworn proof of loss to Allstate supporting that claim.

## ANALYSIS

**A.     Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party

. . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." <u>Beck v. Somerset Techs., Inc.</u>, 882 F.2d 993, 996 (5th Cir. 1989) (citing <u>Anderson</u>, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. <u>Celeotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. <u>Saunders v. Michelin Tire Corp.</u>, 942 F.2d 299, 301 (5th Cir. 1991).

**B.    Allstate's Motion for Summary Judgment**

Allstate argues that it is entitled to summary judgment on plaintiff's claim under the flood insurance policy because plaintiff failed to comply with the proof of loss requirement regarding his supplemental flood insurance claim.

The NFIP was established by the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129 (2006), and is administered through the FEMA. <u>Wright v. Allstate Ins. Co.</u> (<u>Wright I</u>), 415 F.3d 384, 386 (5th Cir.2005). FEMA sets the terms and conditions of all federal flood insurance policies, and those polices must be issued in the form of a Standard Flood Insurance Policy ("SFIP"). 44 C.F.R. § 61.4(b); <u>Gowland v. Aetna</u>, 143 F.3d 951, 953 (5th Cir.1998). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance]

3

Administrator" and must be strictly construed and enforced. 44 C.F.R. § 61.13(d); Wright I, 415 F.3d at 387; Gowland, 143 F.3d at 953-954. See also Forman v. FEMA, 138 F.3d 543, 545 (5th Cir.1998).

Although SFIP proceeds can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[1] Wright I, 415 F.3d at 386; See also Gowland, 143 F.3d at 953. Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced. See Forman, 138 F.3d at 545. Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Wright I, 415 F.3d at 388 (citing Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc., 104 S.Ct. 2218, 2226 (1984)). Because the provisions of the SFIP are strictly enforced, "an insured's failure to provide a complete, sworn proof of loss statements, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." Gowland, 143 F.3d at 953.

Under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), the SFIP provides the following proof of loss requirement:

---

[1] FEMA regulations for the NFIP provide that "loss payments" shall be payable from federal funds. 44 C.F.R. pt. 62, app. A, art. III(D)(2) ("Loss payments include payments as a result of litigation that arises under the scope of this Arrangement [between WYOs and the federal government], and the Authorities set forth herein."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" Wright I, 415 F.3d at 387 (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)).

> Within 60 days after the loss,[2] send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the covered property during the term of the policy;
>
> f. Specifications of damaged buildings and detailed repair estimates;
>
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>
> h. Details about who occupied any insured building at the time of the loss and for what purpose; and
>
> I. The inventory of damaged personal property described in J.3. above.

It is undisputed that plaintiff submitted a signed, sworn proof of loss for building damages in the amount of $43,267.89, and one for lost contents in the amount of $10,582.65. Allstate claims that it never received a proof of loss to support the supplemental claim plaintiff brings in this lawsuit.

Plaintiff, relying on Young v. Imperial Fire & Cas. Ins. Co., 2014 WL 1456408 (E.D. La. 4/15/2014) (Lemmon, J.), argues that the independent adjustor's report that he submitted to Allstate

---

[2] After Hurricane Isaac, FEMA extended the Proof of loss deadline to 240 days after the loss. See FEMA W-13014, dated March 19, 2013.

5

on August 21, 2013, should suffice as a proof of loss. Young is distinguishable from the case before the court. In Young, 2014 WL 1456408. at * 3-4, plaintiffs submitted three signed, sworn proof of loss statements along with an independent adjustor's report, and the court found that the documents taken together complied with the SFIP's proof of loss requirements. In this case, plaintiff has not proved that he submitted a signed, sworn proof of loss along with the independent adjustor's report, or that he signed and swore to the adjustor's report.

In Dickson v. Am. Bankers Ins. Co. of Fla., 739 F.3d 397, 400 (8th Cir. 2014), the United States Court of Appeals for the Eighth Circuit held that:

> the proof of loss requirement is a regulatory limit on the disbursement of funds through a federal insurance program; as such it is to be strictly construed [for it] serves as a condition precedent to recovery under the SFIP. [Thus], a signed and sworn proof of loss claims only the amounts listed in those forms, and the insured must timely file an additional proof of loss to claim any additional amount of money.

See also Kidd v. State Farm Fire & Cas. Co., 392 Fed. Appx. 241, 243-44 (5th Cir. 2010) (insured could not recover on a supplemental claim because they submitted a signed adjustor's estimate for a supplemental claim that was not sworn by them); Bechtel v. Lighthouse Prop. Ins. Co., 2014 WL 1389631, at * 3 (E.D. La. April 1, 2014) (Engelhardt, J.) (The great weight of authority holds that the insureds were required to submit a timely signed, sworn proof of loss to support a supplemental claim). Because plaintiff did not submit a signed, sworn proof of loss to Allstate along with the independent adjustor's report supporting the supplemental claim he seeks to bring in this lawsuit, the court finds that plaintiff did not comply with the proof of loss requirement regarding his supplemental claim. Thus, Allstate's motion for summary judgment is GRANTED, and plaintiff's claim against it is DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Allstate Insurance Company (Doc. #28) is **GRANTED**, and plaintiff's claim against it is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __6th__ day of February, 2015.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**